John Joel ROGERS and Carolyn Cox Rogers, Plaintiffs-Appellants,

v.

EAGLE OFFSHORE DRILLING SERVICES, INC. and Midland Insurance Company, Defendants-Appellees.

No. 84–3161.

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1985.

Talbot, Sotile, Carmouche, Marchand & Marcello, Victor L. Marcello, Donaldsonville, La., for plaintiffs-appellants.

Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Camilo K. Salas, III, New Orleans, La., for intervenors Hall and Callender.

Terriberry, Carroll, Yancey & Farrell, David B. Lawton, New Orleans, La., for Midland.

Before JOHNSON, JOLLY and HILL, Circuit Judges.

PER CURIAM:

John Joel Rogers and his wife Carolyn have filed a petition for rehearing, alleging that our opinion is erroneous in several respects. We add the following comments to what we have previously said and deny their petition.

### I.

First, the Rogers state that we erred when we stated that the evidence did not justify their requested jury charge, which was that utilizing an unsafe method of work can render a vessel unseaworthy. Indeed, we observed that no previous accident had occurred as a result of using the method at issue, and that *no* evidence was introduced to establish that the method itself was unsafe. We reiterated the court's previous holdings that the failure to use an available alternative method to accomplish the same work does not render a given method of performing the work unsafe.

The Rogers argue, however, that Robert Owen, a safety expert, testified that manually unrolling the drawworks drum was an unsafe method, and that his testimony provides sufficient evidence to justify the charge. Owen testified as follows:

> There is a principle in safety, first that you always use mechanical means to do a manual task if you can possibly do it. And there were mechanical means available to do this job. Therefore, I feel that the practice that they were utilizing was unsafe for this reason, because they were not using a mechanical means.

The testimony of Owen establishes only that a mechanical means of "cutting and slipping" would have been a preferable method. There was no testimony that per-

forming the work manually was, in itself, an unsafe way of performing the job. We therefore hold to our conclusion that there is no evidence that the use of a manual method aboard the EAGLE M101 was unsafe; the testimony the petitioner emphasizes established only that there were probably *safer* methods.

■ The second argument presented by the Rogers that merits discussion is that we erred in our alternative holding that, in any event, the substance of the Rogers' claim was adequately presented to the jury by the court's instructions. The Rogers claim that the jury instruction informed the jury only that a vessel is unseaworthy if the vessel has inadequate tools and equipment. The instructions did not inform the jury, they argue, that an unsafe method of performing an operation can render a vessel unseaworthy. We think the instructions adequately informed the jury of the nature of the Rogers' claim.

The court instructed the jury that a vessel was unseaworthy if it did not provide adequate tools and equipment for performing the work, and that it was the Rogers' contention that the vessel was unsafe because it did not provide an electric motor and spool to unroll the drill line; the court further instructed the jury that if it found that "the vessel was in any manner unsafe or unfit, and that such condition was a legal cause of damage to the plaintiff," the jury could find the vessel unseaworthy. The substance of the plaintiff's claim was that the vessel was unseaworthy because an alternative method of cutting and slipping should have been used. Therefore this instruction, as a whole, adequately informed the jury that if the manual means that was used was unsafe, the vessel was unseaworthy.

In addition to their argument that the vessel utilized an improper procedure by manually, rather than mechanically, unrolling the drawworks drum, the Rogers also claim that the vessel was unseaworthy because it utilized only two, rather than three, workmen to unroll the drum. The court instructed the jury that a vessel is

unseaworthy if it fails to provide an *adequate* and competent crew. We similarly conclude that this instruction, in the context of the evidence presented and argument of counsel, properly presented the Rogers' claim to the jury.

II.

We adhere to our earlier holding that there was no evidence in this case justifying the requested charge that utilizing an improper method renders a vessel unseaworthy. We also conclude that our alternative holding that the substance of the Rogers' claim was adequately presented to the jury is correct. While we note that the court could have expressed the law more directly to the jury, its instructions were not so erroneous or unclear to constitute reversible error. Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.